ALTENBERND, Judge.
We affirm the final judgment on appeal. We write only to disclose that the record improperly contains the jurors’ personal notes taken during the trial. On remand, the trial court must destroy these notes.
This case is a rather typical automobile negligence case involving disputed testimony concerning the extent of Mr. Licea’s injuries and the reasonableness and necessity of his medical and chiropractic treatment. The jury determined that he had not sustained a permanent injury and awarded damages for only a portion of his medical bills. We conclude that none of the issues raised by Mr. Licea on appeal warrants a new trial.
This case was team-tried by Judges Walker and Penick. Apparently, Judge Walker does not allow jurors to take notes, while Judge Penick allows this practice. During a review of the record, this court discovered that the jurors’ notes had been carefully collected, labeled, and preserved by the trial court clerk.
There is no rule of procedure or standard jury instruction addressing note-taking. The Florida Supreme Court Committee on Standard Jury Instructions in Civil Cases is currently proposing an instruction that states, in part: “After you have completed your deliberations, the bailiff will deliver your notes to me. They will be destroyed. No one will ever read .your notes.” Comment sought on civil jury instructions amendment, The Fla. Bar News, Jan. 1, 1999, Vol. 26, No. 1, at 4.
We conclude that the trial court erred when it preserved these notes. They should have been destroyed by the presiding judge as soon as the jury was discharged. Accordingly, we have sealed the envelope containing these notes. On remand, we instruct Judge Penick to unseal this portion of the record and destroy the jurors’ notes.
Affirmed, but remanded with instructions to correct the record.
THREADGILL, A.C.J., and SALCINES, J., Concur.